IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLINGNETWORK PATENT, INC.,** | |
| Plaintiff, | Case No. |
| v. | |
| **VETPORT LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Billingnetwork Patent, Inc. ("BNP") complains of VETport LLC ("VETport") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

### THE PARTIES

2. Billingnetwork Patent, Inc. is a Florida corporation that has its principal place of business at 440 North Wells Street, Suite 640, Chicago, Illinois 60654. BNP owns United States Patent No. 6,374,229 (the "'229 Patent"), which is entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002. (Exhibit A). BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

3. Upon information and belief, VETport is an Ohio limited liability company with its principal address at PO Box 303, Milford, Ohio 45150.

## JURISDICTION AND VENUE

4. VETport owns, operates and conducts business through its website www.vetport.com in this judicial district and throughout the United States.

5. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendant because the Defendant operates and conducts business through the interactive website www.vetport.com in the state of Illinois and offers for sale and sells services that are covered by the claims of the '229 Patent in this judicial district.

7. For example, based on publicly available information, VETport at least has customers in Peoria, IL, Bensenville, IL, Chicago, IL, and Buffalo Grove, IL.

8. VETport is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois.

9. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## COUNT I – PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 6,374,229

10. BNP realleges and incorporates by reference paragraphs 1 through 8, inclusive, as though fully set forth herein.

11. VETport owns the website www.vetport.com and/or related URLs.

12. VETport operates the website www.vetport.com and/or related URLs.

- 3 -

13. VETport provides on its website www.vetport.com and/or related URLs its VETport software.

14. VETport's VETport software includes one or more database servers.

15. VETport provides on its website www.vetport.com and/or related URLs a homepage accessible through the internet by users of the VETport software.

16. VETport provides on its website www.vetport.com and/or related URLs a homepage which provides access to the one or more database servers to users of the VETport software.

17. VETport provides on its website www.vetport.com and/or related URLs a homepage which a user must enter a user ID and password to obtain access to the user's account.

18. VETport provides on its website www.vetport.com and/or related URLs a homepage which a user must enter a user ID and password to obtain access to the user's account, thereby providing only secure access to the system.

19. The VETport system includes a means for providing electronic transfer of billing and data entry forms to a user.

20. The VETport system produces billing invoices and statements to clients and customers of the user.

21. The VETport system provides a user with a means to view and query data and billings information in the one or more database servers.

22. The VETport system includes a PC type computer electronically connected to the one or more database servers.

23. VETport has directly infringed and continues to directly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering for a license to use the VETport system.

24. VETport has indirectly infringed and continues to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim. VETport has had knowledge of the '229 Patent by at least as of the filing of this complaint. VETport has knowingly and actively induced infringement of Claim 1, for example, by creating, providing and promoting its www.vetport.com website, and by instructing, aiding, assisting and encouraging the use, purchase and/or license of its VETport system in a manner that infringes Claim 1 of the '229 Patent. The direct infringers of those claims that are being induced by VETport include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its VETport system.

25. VETport has also indirectly infringed and continues to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using its VETport system and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the us, purchase and/or license of its VETport system, which constitutes a material part of the patented system of Claim 1 of the '229 Patent, which VETport knows is especially made or adapted for use in an infringement of Claim 1 of the '229 Patent, and which is not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for VETport's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its VETport system.

26. The acts of infringement of the '229 Patent by VETport have injured BNP, and BNP is entitled to recover damages adequate to compensate it for such infringement from VETport, but, in no event less than a reasonable royalty.

27. Further, the acts of infringement of the '229 Patent by VETport have injured and will continue to injure BNP unless and until this Court enters an injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent.

28. VETport has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '229 Patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BNP respectfully requests that this Court enter judgment against the Defendant VETport, and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate BNP for the infringement that has occurred, together with prejudgment interest from the date infringement of the '229 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

B. A judgment that BNP is entitled to discretionary enhancement of its damages and other relief provided by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to BNP of its attorneys' fees and costs as provided under 35 U.S.C. § 285;

    D.    A permanent injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent; and

    E.    Such other relief that BNP is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

BNP demands a trial by jury on all issues presented in this Complaint.

Dated: July 30, 2014　　　　　　　　　　Respectfully submitted,

                                      */s/ Ashley E. LaValley*
                                      Timothy J. Haller
                                      Ashley E. LaValley
                                      NIRO, HALLER & NIRO
                                      181 West Madison Street, Suite 4600
                                      Chicago, IL 60602
                                      Phone: (312) 236-0733
                                      Fax: (312) 236-3137
                                      haller@nshn.com
                                      alavalley@nshn.com

                                      ***Attorneys for Plaintiff, Billingnetwork Patent, Inc.***